HAMILTON, Senior Circuit Judge,
concurring specially:
I concur in the judgment and write separately only to address the Appellants’ contention, barely mentioned in the majority opinion, see ante at 670 n. 4, that the district court erred by granting summary judgment in favor of Kenyon Oil with respect to the portion of their breach of contract claim alleging breach of § 2(A)(10) of the contract. Section 2(A)(10) of the contract required Kenyon Oil to provide the Appellants, at closing, a certificate from the Maryland Department of the Environment (the MDOE) “certifying that the Gasoline Station Equipment, including without limitation, the underground storage tanks, was removed in compliance with the laws of the State of Maryland.... ” (J.A. 342). Without directly addressing this allegation of error, the majority opinion merely remands the issue to the district court with the instruction that “the district court should also reconsider the inextricably intertwined issue of whether Kenyon Oil breached the contract *671 by failing to deliver the appropriate certificate at closing.” Ante at 670 n. 4. Unfortunately, this instruction does not inform the district court that the two alternative bases upon which it granted summary judgment in favor of Kenyon Oil, with respect to the portion of the breach of contract claim involving § 2(A)(10), are erroneous. Without such information and guidance, the district court may inadvertently repeat the same errors that appear fully in the record before us on appeal. While not binding on the district court, an analysis of the § 2(A)(10) issue may prove helpful to the district court on remand.
The district court first granted summary judgment in favor of Kenyon Oil with respect to § 2(A)(10) of the contract on the basis that Kenyon Oil provided the Appellants with a two-page document that was issued by the MDOE, dated January 31, 2002, and entitled “CERTIFICATE OF REGISTRATION CLOSURE.” (J.A. 787). The Appellants challenge this as error, and I agree. Nowhere does the two-page document provided by Kenyon Oil state that the MDOE certifies that Kenyon Oil removed the Gasoline Station Equipment “in compliance with the laws of the State of Maryland.... ” (J.A. 342). In fact, language in the document stating that “[t]his Certificate does not address any active enforcement actions at this site” makes clear that no such certification was intended by the MDOE. (J.A. 788).
Alternatively, the district court relied on the doctrine of waiver in granting summary judgment in favor of Kenyon Oil with respect to § 2(A)(10) of the contract. According to the district court, the Appellants waived their right to enforce § 2(A)(10) of the contract by closing on the contract without receiving a document as described in § 2(A)(10). The district court’s reliance on the doctrine of waiver in this situation is misplaced. Prior to closing, the parties had expressly agreed (as evidenced by a letter agreement dated November 13, 2001) that closing on the contract would not effect a waiver of any parties’ rights and obligations under the contract. Accordingly, the doctrine of waiver does not provide a proper basis upon which to grant summary judgment in favor of Kenyon Oil with respect to § 2(A)(10) of the contract.
On remand, I would allow the district court to consider any and all other arguments which the parties may offer with respect to Appellants’ contention that Kenyon Oil breached § 2(A)(10) of the contract by failing to provide them, at closing, with a certificate from the MDOE “certifying that the Gasoline Station Equipment, including without limitation, the underground storage tanks, was removed in compliance with the laws of the State of Maryland....” (J.A. 342).